IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

VIOLETA BURSUC,
    Plaintiff,
      v.

PAUL HEGARTY and
SEAN MCANENA,
    Defendants.

CIVIL NO. 09-5620(NLH)(AMD)


**OPINION**

**APPEARANCES:**

NORMAN W. BRIGGS
BRIGGS LAW OFFICE, LLC
15 N SHORE ROAD
MARMORA, NJ 08223
    On behalf of plaintiff

ELIZABETH COLEMAN CHIERICI
CHIERICI CHIERICI & SMITH
509 SOUTH LENOLA ROAD
BLASON CAMPUS
BUILDING SIX
MOORESTOWN, NJ 08057
    On behalf of defendants

**HILLMAN**, District Judge

    This case concerns plaintiff's claims that defendants are liable for the injuries she sustained when defendants' vehicle struck the bicycle she was riding.  Currently before the Court are two motions for summary judgment, one filed by each defendant. Plaintiff has opposed both motions.  For the reasons expressed below, defendant Paul Hegarty's motion will be denied, and defendant Sean McAnena's motion will be granted.

**BACKGROUND**

    On August 27, 2008, plaintiff, Violeta Bursuc, was struck by a pick-up truck, owned by defendant Sean McAnena and driven by

defendant Paul Hegarty, while she was riding a bicycle in Wildwood, New Jersey.  Plaintiff was hit when she rode off the sidewalk down a driveway and into the street.  Plaintiff recalls riding her bicycle into the street and seeing the pick-up truck moments before impact, but she does not remember any more details about the accident.  Defendant Hegarty, who borrowed defendant McAnena's vehicle to pick-up his daughters from the beach because he did not want to lose the parking spot of his own vehicle, recalls hearing a scream and then the impact occurred.  One eyewitness to the accident, Paul Lubiak, Jr., was standing on the second floor deck of a house across the street, and he observed plaintiff riding into the street and being hit by the pick-up truck.

Both defendants have moved for summary judgment in their favor.  Defendant Hegarty argues that he is entitled to summary judgment because plaintiff's witnesses lack credibility, and therefore, plaintiff cannot establish liability as to Hegarty. Defendant McAnena argues that he is entitled to summary judgment because it is undisputed that no agency relationship existed between Hegarty and McAnena, and therefore, he cannot be held liable for plaintiff's injuries.  Plaintiff has opposed both motions, arguing that factual and credibility determinations must go to a jury.

**ANALYSIS**

### A.   Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### B.   Summary Judgment Standard

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**C.  Analysis**

1.  *Defendant Hegarty's Motion for Summary Judgment*

In his motion, Hegarty argues that plaintiff cannot meet her burden of proving that he was negligent, and that judgment must be entered in his favor.  The basis of Hegarty's position is that because plaintiff cannot remember the details of how the accident occurred, she must rely upon the testimony of two witnesses--the eyewitness, Paul Lubiak, and her expert witness, William Martin-- and that the testimony of both witnesses is faulty.  Hegarty argues that the testimony is not credible because both witnesses rely upon the flawed perception that plaintiff's bicycle's rear tire was hit, when photos from the accident scene clearly show that the front

4

tire was hit.

More specifically, with regard to Lubiak's testimony, Hegarty points out that Lubiak first testified in a written statement that the pick-up truck hit the front tire of the bicycle, but then during his deposition two years later, he testified that the vehicle hit the back tire.  Hegarty argues that photos of the bicycle taken at the scene show no damage to the rear tire, thus fatally undermining Lubiak's testimony.  (See Def. Ex. C.)

As to Martin's testimony, in concluding that Hegarty is liable for the accident because he had sufficient time to stop before hitting plaintiff, Martin relies upon the police report's statement that the principal impact to the bicycle was to the rear tire. Hegarty points out that Martin did not have the benefit of the photographs prior to issuing his accident reconstruction report, and that these photos clearly show damage to the front tire, rather than the rear.  Hegarty also argues that the photos depict plaintiff's point of rest closer than the point of rest used by Martin in reaching his conclusion.  Because the photographs undisputably show front tire damage and a closer resting point, Hegarty argues that Martin's testimony is not credible.  Without any credible witnesses, Hegarty contends that plaintiff cannot prove her case, and he is entitled to judgment in his favor.

In response, plaintiff argues that Hegarty has simply presented disputed issues of fact that the jury must decide, and

that he has asked this Court to impermissibly make credibility determinations.  Plaintiff contends that a photograph of a damaged front tire does not automatically mean that Hegarty did not strike the rear tire, and that if it is accepted as true that Hegarty hit the rear tire, that fact supports plaintiff's version of events that she was riding parallel to the truck, rather than darting out from the driveway.  At a minimum, plaintiff argues that the differing testimony of Lubiak, her expert, and defendants' experts create material disputes that should be resolved by a jury.

The Court agrees with plaintiff.  The dispute over, and the implications of, which bicycle tire was hit is a classic example of a material disputed fact that a jury must consider.  As pointed out by plaintiff, it is not inconceivable that Hegarty struck the rear tire first, and that the initial impact resulted in more obvious damage to the front tire, as captured by the photographs.  The Court cannot find as Hegarty asks, however, that the photograph of a damaged front tire and an apparently undamaged rear tire would cause no reasonable jury to believe plaintiff and her witnesses.

Relatedly, the Court also cannot find that plaintiff's witnesses are not credible, as that credibility determination is also for a jury.  Just as the jury must consider the credibility of plaintiff and her witnesses, the jury must also weigh the credibility of Hegarty and his witnesses.  Only after the jury has determined whose testimony to credit, and has resolved the question

6

of how the accident happened, can judgment be entered in one party's favor.  Consequently, Hegarty's motion for summary judgment must be denied.

    2.   *Defendant McAnena's Motion for Summary Judgment*

The pick-up truck driven by Hegarty was owned by Sean McAnena. As noted above, Hegarty asked McAnena if he could use McAnena's truck, which was parked in the driveway, to pick up his daughters from the beach instead of using his own vehicle so that he did not lose his street parking spot.  Plaintiff filed suit against McAnena claiming that he is also liable for her injuries under an agency theory of liability.  McAnena has moved for summary judgment, arguing that there no facts support the argument that an agency relationship existed between Hegarty and McAnena.  Plaintiff contends that a question of fact remains as to that issue.

On this point, the Court agrees with defendant McAnena. Although it is the "rule of law that the use of an automobile upon a public highway by one who is not its owner raises a presumption of agency between the operator and the owner," and this presumption is one of fact, "it can be rebutted by a defendant-owner where a plaintiff seeks to hold him vicariously liable for the negligence of the driver."  Harvey v. Craw, 264 A.2d 448, 451 (N.J. Super. App. Div. 1970).  In order to prevent the issue of agency from reaching the jury, "the owner must show by uncontradicted testimony that no employer-employee or principal-agent relationship existed,

or, if one did exist, that the employee or agent had transgressed the bounds of his authority." Id. (explaining that cases primarily involve two fact situations: "[e]ither the vehicle is owned by a parent and is being operated by a member of his family or the driver is actually employed by defendant owner and the question involves deviation from the scope of that employment").

In Harvey, Walker let Craw borrow his car so that Craw could take his girlfriend on a date. While driving Walker's car, Craw got into an accident with a car in which Harvey was a passenger. Harvey sued both Craw and Walker, and premised his claims against Walker on an agency theory of liability.

In finding that no agency relationship existed between Walker and Craw, the court concluded that aside from the bare presumption, the facts failed to reveal even the possibility of any agency relationship--there was no family relationship present, no situation of regular employment, and there was no evidence from which the fact of agency could be inferred. Id. at 452. The court explained that the "relationship between Craw and Walker was exclusively a social one," and the "situation was simply one where Craw had loaned his automobile to a friend to use for his own purpose." Id. "The temporary, mutual exchange of cars did not create an agency relationship for the reason that each was pursuing his own interest." Id. The court also made clear that "although a car owner's credibility is always in issue . . . when there are

no contradictory facts presented on the issue of whether an agency relationship existed between the owner and driver of the vehicle responsible for the accident, then there is no basis in the evidence to find the existence of an agency relationship," and the issue should not go to a jury.  Id.

The same conclusion applies to this case.  McAnena let Hegarty borrow his truck so that Hegarty could pick up Hegarty's own children from the beach.  There is no evidence of an employer/employee relationship between McAnena and Hegarty, and there is no evidence that Hegarty took McAnena's vehicle at McAnena's direction.  Like in Harvey, the uncontested facts establish that Hegarty simply borrowed his friend's car for his own purposes.

Plaintiff argues that because the witness Lubiak testified that he saw a passenger get out of the truck, that fact is sufficient to keep McAnena in the case on the basis of agency. Perhaps the question would be closer if McAnena rode along while Hegarty drove McAnena's truck to pick up his children, but Lubiak cannot remember any details as to the alleged passenger, and Hegarty states that he did not have a passenger.  The dispute over an unidentifiable passenger whose place and purpose on the scene is unknown and unknowable is insufficient to send the issue of agency to the jury.  Accordingly, summary judgment must be entered in McAnena's favor.

9

## <u>CONCLUSION</u>

For the reasons expressed above, defendant Hegarty's motion for summary judgment is denied, and defendant McAenan's motion for summary judgment is granted.  An appropriate Order will be entered.


Date:  <u>February 7, 2012</u>              <u>  Noel L. Hillman        </u>
                                        NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

10